**MERLIN LAW GROUP, P.A.**
Michael N. Poli (State Bar No. 06431)
MPoli@merlinlawgroup.com
Jeffrey G. Zane (State Bar No. 024172)
JZane@merlinlawgroup.com
Lawrence R. Moon (State Bar No. 017000)
LMoon@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980
Facsimile: (480) 315-9984

**RUSSO RUSSO & SLANIA, P.C.**
Patrick E. Broom (State Bar No. 011411)
pebroom@rrs-law.com
6700 North Oracle Road, Suite 100
Tucson, Arizona 85704
Telephone: (520) 529-1515
Facsimile: (520) 529-9040
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| LORAINE A. KERN, DENNIS D. KERN, and DENNIS KERN AND LORAINE KERN FAMILY TRUST DATED MAY 2, 2014,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY.<br><br>*Defendant*. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs, LORAINE A. KERN, DENNIS D. KERN, and DENNIS KERN AND LORAINE KERN FAMILY TRUST DATED MAY 2, 2014, by and through undersigned counsel, hereby allege against Defendant, AETNA LIFE INSURANCE COMPANY ("Aetna"), as follows:

**NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is an action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1000-1461 ("ERISA"), for Aetna's breach of the subject insurance contract, namely Aetna's wrongful

T1572698.DOCX;1  1

refusal to provide Plaintiffs with the life insurance benefits to which they were / are entitled under the subject life insurance contract.

2. Plaintiff, Loraine Kern ("Loraine" or "Trustee"), was, at all material times, a citizen of the State of Arizona and a resident of Maricopa County and *sui juris*.

3. Plaintiff, Dennis Kern ("Dennis"), is deceased and survived by his wife, Loraine.

4. Loraine is the Trustee of the Dennis Kern and Loraine Kern Family Trust Dated May 2, 2014 ("Trust").

5. Upon information and belief, Aetna is a Connecticut corporation, with its principal place of business in Hartford, Connecticut, and doing business in the State of Arizona. At all material times, Aetna provided Life and/or Disability insurance to Dennis pursuant to Aetna's control number 0811791. Loraine and the Trust are the beneficiaries under the subject life insurance policy provided by Aetna.

6. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

7. Venue is proper in this Court pursuant to Title 29, United States Code, Section 1132(e)(2) because, for example, the subject contractual breaches were effectuated by Aetna on Plaintiffs in Maricopa County, Arizona. Venue is also proper in this Court pursuant to Title 28, United States Code, Section 1391(b)(2) because, for example, (a) the subject death occurred in Maricopa County, Arizona, (b) claim correspondence (including the subject claim denial correspondence; *i.e.*, breach of contract) was purportedly delivered by Aetna to Plaintiffs in Maricopa County, Arizona, and (c) the damages that Plaintiffs have suffered (and continue to suffer) arise out of Maricopa County, Arizona.

8. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or would be futile.

## COMMON ALLEGATIONS

9. Dennis was an employee of General Dynamics Corporation ("General

Dynamics") from December 1, 2003, until his death on May 19, 2015.

10. As an employee of General Dynamics, Dennis originally purchased $158,000.00 of basic life insurance coverage and $475,000.00 of supplemental coverage from a group life insurance policy provided by Aetna to General Dynamics (Control Number 811791).

11. In or around November 2014, Dennis requested supplemental Aetna Life and/or Disability Insurance coverage in the amount of $749,000.00.

12. Dennis' request was made through the benefits plan of General Dynamics Services Center.

13. On or about December 2, 2014, Dennis received an email from Aetna requiring he submit Evidence of Insurability ("EOI") information based on the amount of coverage selected.

14. Aetna's email offered access to their Online Evidence of Insurability Submission "tool," which Aetna described as a convenient, and secure alternative to a paper application.

15. Dennis submitted his EOI to Aetna on December 8, 2014.

16. On or about January 1, 2015, Aetna approved the changes for the life insurance amount.

17. The change for the life insurance coverage reflected a combined total amount of $1,198,400.00.

18. Dennis paid monthly premiums on his policy, including for all supplemental coverages, until he passed away.

19. Dennis passed away on May 19, 2015. The immediate cause of death is reported as pancreatic cancer, stage IV, adenocarcinoma, which was undiagnosed at the time that Dennis purchased supplemental Aetna Life and/or Disability Insurance coverage in the amount of $749,000.00.

20. On or about June 23, 2015, Phoebe Moffatt introduced herself as counsel for

Mrs. Loraine Kern and notified Aetna of Dennis's death.

21. Counsel Moffatt stated that Loraine Kern is the designated Personal Representative under the Will of Dennis D. Kern, and also the current acting Trustee of the Dennis and Loraine Kern Trust dated May 2, 2014.

22. Counsel Moffatt at that time enclosed a copy of Dennis' death certificate and requested a copy of the life insurance policy and of the beneficiary designation form.

23. On August 13, 2015, Aetna responded to Loraine by stating they were in receipt of a claim for group life insurance benefits and indicated that in order for them to complete their review of the claim for this insurance amount, they would require a copy of Dennis' medical records from January 10, 2010, to January 1, 2015.

24. Aetna enclosed a Medical Authorization and Medical Records Request Form for Loraine to complete requesting that she include all physicians, hospitals, clinics, treatment centers, employee assistance programs, drug and alcohol detoxification, and rehabilitation programs Dennis attended.

25. It additionally requested Loraine provide a list of pharmacies where Dennis had prescriptions filled.

26. Along with the correspondence, Aetna enclosed a check for Life Benefit in the amount of $158,500.00 payable to Loraine Kern Trustee of the Dennis and Loraine Kern Trust dated May 2, 2014.

27. Aetna also enclosed a check for Supplemental Life Benefit in the amount of $475,500.00 payable to Loraine Kern Trustee of the Dennis and Loraine Kern Trust dated May 2, 2014.

28. On or about August 13, 2015, Loraine forwarded to Aetna the completed Medical Authorization and Medical Records Request Form.

29. On December 23, 2015, Aetna notified Loraine that they had completed their review for additional Supplemental Life Insurance coverage and determined that it would not issue payment of Plaintiffs' Supplemental Life Insurance benefits in the amount of

$792,500.00.

30. Plaintiffs Loraine Kern and Trustee of the Dennis and Loraine Kern Trust dated May 2, 2014 are entitled to Supplemental Life Insurance benefits in the amount of $792,500.00.

31. Plaintiffs Loraine Kern and Trustee of the Dennis and Loraine Kern Trust dated May 2, 2014 retained counsel to appeal the denial of benefits by Aetna.

32. Aetna rejected the appeal and again denied Plaintiffs' claim for benefits by letter dated April, 5, 2016.

33. Aetna alleged it denied Plaintiffs' claim because, when completing the on-line Evidence of Insurability on December 8, 2014, Dennis failed to describe health issues.

34. None of the health issues that Aetna relies on to support its denial relate in any way to Dennis' death; i.e., Aetna has not (and cannot) demonstrate the materiality prong of an application "misrepresentation" based claim denial. In this vein, Aetna's claim denial did not point to any underwriting guidelines indicating that the medical conditions that Dennis purportedly "misrepresented" on his application for additional coverage were material to its underwriters' decision to approve the coverage increase. Also in the underwriting guideline vein, Aetna has not pointed to underwriting guidelines showing that had it known the purportedly omitted medical information, it would have charged a higher premium or refused to approve the extra coverage altogether. Moreover, upon information and belief, Aetna was on notice (constructive, at the very least) of Dennis' health conditions via the EOI process or otherwise waived the ability to now wield purported lack of medical information against Dennis' beneficiaries when such information could have easily been obtained via a standard medical examination or physical during the underwriting process that Aetna was perfectly entitled to request had it truly cared. Finally, the Aetna application (*i.e.*, online EOI submission) does not include a manual or electronic signature block preceded with a fraud or misrepresentation advisement / certification. Without these things, Aetna cannot legitimately contend that Dennis was misrepresentative or fraudulent

in the completion of his application.

35. In denying the claim, Aetna states that the validity of coverage in the policy may be contested if the coverage has been in force for less than two years and that Dennis' additional Supplemental Life Insurance coverage for $792,500.00 became effective on January 1, 2015.

36. In denying the claim, Aetna, incorrectly and arbitrarily contended that since Dennis passed away on May 19, 2015, it was within the terms of the policy to review the validity of statements made by him in the application for coverage and therefore, requested his medical history.

37. Aetna, through A.C. Newman & Company (Aenta's underwriting manager), rubber-stamped its initial claim denial by ignoring evidence submitted by Plaintiffs and/or interpreting evidence incorrectly to support its arbitrary and capricious decision to deny the claim.

38. Again, as stated above, Plaintiffs have exhausted all administrative remedies according to the terms of the Aetna Policy or those remedies were otherwise waived or futile.

**CLAIMS FOR RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

39. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-38.

40. At all material times, the Aetna Policy was subject to and governed by the Employee Retirement and Income Security Act of 1974.

41. Plaintiffs' claims are asserted under the provisions of 29 U.S.C. § 1132(a)(1)(B), which empowers beneficiaries of an employee benefit plan, including the Plaintiffs in this action, to recover benefits due and enforce their rights under the terms of the plan.

42. The claim decision by Aetna was factually, contractually, legally, and equitably incorrect to such a degree that Aetna's claim decision would not (or should not)

survive any standard of review deemed applicable in this action.1

43.    Plaintiffs, Loraine Kern and Trustee of the Dennis and Loraine Kern Trust dated May 2, 2014, are entitled to the $792,500.00 death benefit under the Aetna Supplemental Life Policy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests judgment be entered against the Defendant, Aetna Life Insurance Company, as follows:

A.    For payment of $792,500.00 in supplemental life insurance benefits plus interest pursuant to 26 U.S.C. § 6621.

B.    For reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1).

C.    For all costs incurred and to be incurred herein.

D.    For such further relief as the Court deems equitable, just, or proper.

**RESPECTFULLY SUBMITTED** this 17th day of February 2017.

**MERLIN LAW GROUP, P.A.**

_____
Michael N. Poli
Jeffrey G. Zane
Lawrence R. Moon
*Attorneys for Plaintiffs*

---

[1] Pending discovery, it is not yet certain whether the standard of review applicable to this action would be arbitrary or capricious, or perhaps a more heightened standard of review.